McCraney v. McLaurin.

(Division B: March 28, 1932.)

[140 So. 524. No. 29909.]

**G. H. Banks** and **E. R. Wall,** both of Newton, for appellant.

J. **Knox Huff**, of Forest, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

J. B. McCraney, the appellant, filed a suit in replevin and sued out a writ for the repossession of one Ford type body Tudor automobile, motor No. 2112201, model 1929, tag No. 220-316, alleged to be the property of the appellant and unlawfully detained by J. P. McLaurin, of the value of four hundred dollars, to which declaration McLaurin pleaded the general issue.

It appears from the record and the exhibits to the declaration that McCraney purchased the automobile in question from the McMullan Motor Company of Lake, Mississippi, paying part cash and executing notes payable monthly for the balance of the purchase money. In the contract of sale it was provided that the title should not pass to McCraney until the full amount due under the notes had been paid, and that, in default of payment, the seller might repossess the car and sell same at public or private sale, and that the payments made by McCraney should be forfeited as liquidated damages for the non-fulfillment of the agreement or contract.

The notes were payable at the office of the Industrial Investment Company named in the contract, at Jackson, Mississippi, and the notes taken for the deferred payments were assigned with recourse to the investment company at Jackson, Mississippi.

McCraney paid eight of the notes, but failed to pay the other notes, and, on the 7th day of August following the execution of the contract of sale, the McMullan Motor Company's officers and employees went to Newton where McCraney lived and demanded possession of the automobile, and it was delivered to them. There is a d'spute as to what occurred at the time of the repossession of the automobile.

The agents and officers of the McMullan Motor Company testified that they agreed to hold the automobile for the balance of the week to permit McCraney to raise the money to pay the unpaid notes. McCraney contended, and his witnesses testified, that the agreement was that they would store the automobile and hold it until McCraney could raise the money, without any definite time being fixed in which to do so, and that he did, in October following, raise the money and offer to pay McMullan Motor Company the balance due them, and that they would not deliver the automobile nor tell him where it was, but merely told him that he had no automobile.

After the expiration of a week from the time the automobile was repossessed, the McMullan Motor Company delivered same to the investment company at Jackson, Mississippi, and on August 19, 1930, the investment company, in the presence of one of the officers of the McMullan Motor Company, addressed a letter to J. P. McCraney dated August 19, 1930, in which they notified him that they held the car in storage and had held it as long as it was possible for them to do so, and that the secretary and treasurer was instructed to clear out all delinquent accounts, and that it was necessary to make an immediate sale of the automobile unless the balance of one hundred fifty-four dollars and forty-one cents was paid, and requested advice regarding this matter as they could not continue the account longer. McMullan testified that he was present when this letter was written and signed, and saw it mailed in the box in front of the office, and that he was given a copy of the letter, which copy was offered in evidence after demand to produce the original of said letter. McCraney and his wife testified that they never received this letter and that the first they knew of it was on the trial when the copy was offered in evidence.

There was a verdict for the defendant, and judgment accordingly, from which this appeal is prosecuted.

The action of replevin is founded on the right to possession at the time of the institution of the suit. At the time this suit was instituted, under the terms of the contract, McCraney's right to possession had been forfeited if the evidence for the defendant on the trial is to be tal en as true, and the jury, by their verdict, found it was true.

The court, we think, by instruction, submitted to the jury the plaintiff's legal right on the evidence intro duced by him.

As we view it, the jury had the right to decide according to their verdict, on the conflicting evidence, and we find no ground that would justify a reversal of the case. The judgment will therefore be affirmed.

Affirmed.